# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

Civil Action No. 16-cv-7586

PARADINE, LLC,
a Colorado limited liability company,

      Plaintiff,

vs.

FELFEL CORP. d/b/a FILFEL MEDITERRANEAN
FAST FOOD RESTAURANT,
an Illinois corporation,

      Defendant.

---

## COMPLAINT AND JURY DEMAND

---

COMES NOW Plaintiff, Paradine, LLC, ("Plaintiff" or "Paradine"), by and through its attorneys, Brown & Kannady, LLC, and states as follows:

## JURISDICTION

1.    This is an action for trademark infringement and false designation for unfair competition arising under the Lanham Act of 1946, as amended, 15 U.S.C. §1051 *et seq.*, §§1114(1)(a) and 1125(a)(1)(A), and for related state and common law claims. The Court has subject matter jurisdiction over this case and the parties pursuant to 15 U.S.C. §1121 and 28 U.S.C. §1338(a). The Court has personal jurisdiction over Defendant pursuant to Fed.R.Civ.P. 4(k)(1) because Defendant conducts business in Illinois and sells its infringing products in Illinois. The action includes common law claims over which this court has jurisdiction under 28 U.S.C. §1338(b), in that said claims are joined with substantial and related claims.

## VENUE

2.    Venue is proper in the United States District Court for the Northern District of Illinois, Eastern Division pursuant to 28 U.S.C. §§ 1391, on the grounds that the infringement, unfair competition, and other wrongful acts giving rise to these claims occurred in this judicial district, and on the grounds that the Defendant and its agents at all times material hereto have done business within this judicial district.

## THE PARTIES

3.    Plaintiff, at all times pertinent to this Complaint, has been a limited liability company duly organized and existing under the laws of the State of Colorado with its principal place of business located at 4401 S. Tamarac Parkway, Denver, Colorado 80237.  Plaintiff provides restaurant services, as well as retail and wholesale store services featuring groceries, in interstate commerce.

4.    Plaintiff is the registrant of the mark "FELFEL®," protected by U.S. Trademark Registration No. 4404351, registered on September 17, 2013. A true and accurate copy of this Trademark Registration is attached hereto as **Exhibit 1**.

5.    Plaintiff is the owner of the mark "FELFEL MEDITERRANEAN," for which Plaintiff applied to the U.S. Commissioner of Trademarks, Serial No. 87017346, on April 28, 2016.  A true and accurate copy of this Application is attached hereto as **Exhibit 2**.  The mark features a single stem of olives and leaves, including three olives, inside a circle.



6.      Plaintiff is the owner of the mark                    for which Plaintiff applied to the U.S. Commissioner of Trademarks, Serial No. 87059844, on June 3, 2016.  A true and accurate copy of this Application is attached hereto as **<u>Exhibit 3</u>**.  The mark features a single stem of olives and leaves, including four olives and five leaves, inside a circle.

7.      U.S. Trademark Registration No. 4404351, Application Serial No. 87017346, and Application Serial No. 87017346, are collectively the referred to as the "Paradine Marks."

8.      Plaintiff is informed and believes, and based thereon alleges, that Defendant Felfel Corp. d/b/a FilFel Mediterranean Fast Food Restaurant ("Defendant" or "FilFel") is, and at all relevant times herein was, an Illinois corporation duly organized and existing under the laws of the State of Illinois, with its principal place(s) of business located at 10345 Washington Ave Oak Lawn, Illinois 60453 and/or 6905 W. 159th Street, Tinley Park, Illinois 60477, and that its registered agent for service of process is Yazan Alrafati, 17913 Iroquois Trce, Tinley Park, Illinois 60477.

<u>**GENERAL ALLEGATIONS**</u>

9.      By no later than April 5, 2013, Plaintiff's predecessor, K & E Investment, LLC, a Colorado limited liability company ("K&E"), used the Paradine Marks in the United States in connection with Mediterranean restaurant services, as well as retail and wholesale store services featuring groceries, using the mark in commerce and for advertising.

10.     On December 2, 2015 K&E assigned U.S. Trademark Registration No. 4404351 to Plaintiff, on which date Plaintiff continued the use of the Paradine Marks in interstate commerce

in connection with Mediterranean restaurant services, as well as retail and wholesale store services featuring groceries. A true and accurate copy of this assignment is attached hereto as **Exhibit 4**.

11.     Plaintiff and its predecessors have extensively advertised and promoted the Paradine Marks, and have invested substantial time, energy and resources to develop the Paradine Marks.

12.     The Paradine Marks are inherently arbitrary, fanciful, distinctive or suggestive, or have otherwise acquired secondary meaning in the relevant channels of trade as referring to Plaintiff.

13.     Defendant is improperly using in commerce the Paradine Marks in the operation of a Mediterranean restaurant, and in connection with the promotion, advertising, offering for sale and sale of goods and services at the Restaurant in commerce as an indicator of origin of goods.

14.     In particular, Defendant opened a Mediterranean restaurant in Tinley Park, Illinois on or about April 11, 2016 under the name "FelFel Mediterranean", and utilizing the following mark: 

15.     Defendant's mark (the "Infringing Mark") is a single stem of olives and leaves, including three olives, inside a circle.

16.     Beginning on or about April 11, 2016, Defendant used the words "FelFel", "FelFel Mediterranean" and the Infringing Mark on the web site, www.myfelfel.net, to promote its Mediterranean restaurant.

17.     Through a letter from its counsel dated May 18, 2016, Plaintiff made Defendant aware of Defendant's infringement of Plaintiff's intellectual property rights. A true and accurate copy of the May 18, 2016 letter is attached hereto as **Exhibit 5**.

4

18.     In the May 18, 2016 letter, Plaintiff requested Defendant discontinue all current and future use of any mark which is confusingly similar to the Paradine Marks, including the names "FelFel" and "FelFel Mediterranean" and the Infringing Mark.

19.     Even after receiving the May 18, 2016 letter, Defendant has not discontinued using the Paradine Marks or marks which are confusingly similar to the Paradine Marks.

20.     Instead of responding to the May 18, 2016 letter, Defendant changed some – but not all – of its marks from "FelFel Mediterranean" to "FilFel Mediterranean" and applied for trademark protection for the latter name on May 26, 2016, a copy of which is attached hereto as **Exhibit 6**.

21.     Further, after receiving the May 18, 2016 letter, Defendant began operating a new website, www.myfilfel.com, to promote its Mediterranean Restaurant and it continued to utilize and display the names "FelFel" and "FelFel Mediterranean" as well as the Infringing Mark.

22.     Having been notified of Plaintiff's intellectual property rights, Defendant continues to sell, display and/or distribute infringing and/or potentially infringing products and services, including through the use of the Infringing Mark.

23.     Plaintiff is informed and believes, and based thereon alleges, that Defendant is willfully selling, displaying and/or distributing the infringing products and services in derogation of Plaintiff's intellectual property rights.

24.     Defendant's use of the Infringing Mark, as well as - and in conjunction with - its use of the Paradine Marks, has caused, and is likely to continue to cause, consumer confusion as to the source of Defendant's products or as to the sponsorship or approval of such products.

25.     Plaintiff has received communications from confused customers who mistakenly believed Defendant's restaurant to be part of Plaintiff's business.

26. Upon information and belief, Defendant has had actual knowledge of Plaintiff's notice of registration with the U.S. Patent and Trademark Office from the inception of its use of the Paradine Marks.

## FIRST CLAIM FOR RELIEF
### (Trademark Infringement)

27. Plaintiff realleges and incorporates by reference each and every allegation contained in the previous paragraphs, as though fully set forth herein.

28. Defendant has created a likelihood of confusion with the Paradine Marks in the relevant marketplace to Plaintiff's damage, thereby constituting infringement of the Paradine Marks.

29. As a proximate result of Defendant's above-described conduct, Plaintiff is informed and believes, and based thereon alleges, that it has been damaged in an unascertained amount.

30. At all material times, Defendant acted in bad faith, oppressively and maliciously toward Plaintiff, with intent to injure Plaintiff, thereby entitling Plaintiff to treble damages against Defendant in an unascertained amount.

31. The above described acts of Defendant have caused and are continuing to cause irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law, and Defendant will continue to do so unless enjoined by this Court.

32. Plaintiff has incurred, and will continue to incur, attorneys' fees and court costs arising from the acts of Defendant alleged herein. Plaintiff seeks the recovery of attorneys' fees and costs as the prevailing party in this action.

## SECOND CLAIM FOR RELIEF
### (Unfair Competition)

33.     Plaintiff realleges and incorporates by reference each and every allegation contained in the previous paragraphs, as though fully set forth herein.

34.     The acts of Defendant, as alleged herein, constitute unfair or fraudulent business practices that are damaging to the public in violation of §1125(a) of the Lanham Act.

35.     As a direct and proximate result of the aforesaid conduct, and as a foreseeable consequence thereof, Plaintiff has sustained damages in an amount that will be proven at the time of trial.

36.     Plaintiff has incurred, and will continue to incur, attorneys' fees and court costs arising from the acts of Defendant as alleged herein.  Plaintiff seeks the recovery of attorneys' fees and costs as the prevailing party in this action.

37.     Plaintiff is informed and believes, and based thereon alleges, that the actions of the Defendant were willful and malicious and done with the intent to injure Plaintiff.  Therefore, Plaintiff is entitled to recover, and hereby requests, exemplary damages from Defendant.

38.     The wrongful acts of Defendant, as alleged herein, unless restrained and enjoined by order of this Court, will cause great and irreparable injury to Plaintiff, its reputation, and goodwill.  Plaintiff has no adequate remedy at law for the injuries that have been, and will continue to be, sustained in this action.

### THIRD CLAIM FOR RELIEF
**(Accounting)**

39.     Plaintiff realleges and incorporates by reference each and every allegation contained in the previous paragraphs, as though fully set forth herein.

40.     Plaintiff is informed, believes, and based thereon alleges, that Defendant has used products which directly infringe on the Paradine Marks.  The infringement by Defendant has

deprived Plaintiff of sales and/or royalties, which it otherwise would have made and resulted in the unjust enrichment of Defendant at the expense and to the detriment of Plaintiff, among other damage. Defendant's actions have resulted in improper profits, revenues, and other financial gains to Defendant for which Plaintiff, in equity and good conscience, is rightfully entitled to reimbursement.

41.     Plaintiff does not know the amount of revenue and profits realized by Defendant, which information is uniquely within the knowledge of Defendant. Plaintiff is, therefore, entitled to an accounting, at Defendant's expense, to determine the amount of profits Defendant has unjustly obtained by its acts of infringement.

## FOURTH CLAIM FOR RELIEF
### (For Injunctive Relief)

42.     Plaintiff realleges and incorporates by reference each and every allegation contained in the previous paragraphs, as though fully set forth herein.

43.     By reason of the wrongful acts and unlawful conduct as hereinabove alleged, Defendant has infringed and continues to infringe the Paradine Marks by using in commerce the Paradine Marks, as well as the Infringing Mark, in connection with the promotion, advertising, offering for sale and sale for goods and services or other use in commerce as an indicator of origin of goods.

44.     Unless and until so enjoined and restrained by order of this Court, Defendant will continue to cause great and irreparable harm and damage to Plaintiff. Plaintiff has no adequate remedy at law for the damages it will suffer should Defendant be permitted to continue the wrongful conduct alleged herein. Without injunctive relief, it will be extremely difficult and

impracticable to ascertain the exact amount of damages that Plaintiff will sustain as a result of Defendant's continuing infringing conduct.

## FIFTH CLAIM FOR RELIEF

### (For Constructive Trust)

50.     Plaintiff realleges and incorporates by reference each and every allegation contained in the previous paragraphs, as though fully set forth herein.

51.     All revenue and profits that Defendant has wrongfully and unjustly obtained and continues to obtain as a result of its acts of infringement are subject to an equitable lien and constructive trust for the benefit of Plaintiff.  Plaintiff, therefore, requests that this Court impose a constructive trust on the proceeds of the use of any infringing products, wrongfully in the hands of Defendant, and the portion thereof which are in the hands of others, whether or not Defendant herein, in order to preserve said proceeds for Plaintiff.

## PRAYER FOR RELIEF

### On The First Claim for Relief

WHEREFORE Plaintiff prays for judgment as follows:

1.     That Defendant and its agents, officers, employees, representatives, successors, assigns, attorneys and all other persons acting for, with, by, through or under authority from Defendant, and each of them, be preliminarily and permanently enjoined from: (a) using Plaintiff's trademarks as depicted or any colorable imitation thereof; (b) using any trademark that imitates or is confusingly similar to or in any way similar to the Paradine Marks, or that is likely to cause confusion, mistake, deception, or public misunderstanding as to the origin of Plaintiff's products or their connectedness to Defendant;

2.     That, pursuant to 15 U.S.C. §1117, Defendant be held liable for all damages suffered by Plaintiff resulting from the acts alleged herein;

3.     That, pursuant to 15 U.S.C. §1117, Defendant be compelled to account to Plaintiff for any and all profits derived from its illegal acts complained of herein;

4.     That the Defendant be ordered pursuant to 15 U.S.C. §1118 to deliver up for destruction all labels, signs, prints, advertising, websites, promotional material or the like in possession, custody or under the control of Defendant bearing a trademark found to infringe the Paradine Marks, as well as all plates, matrices, and other means of making the same;

5.     That the Court declare this to be an exceptional case and award Plaintiff its full costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1117;

6.     That the Court grant Plaintiff any other remedy to which it may be entitled as provided for in 15 U.S.C. §1117 or under state law;

7.     For such and other further relief that the court deems just and proper;

**On The Second Claim for Relief**

8.     For restitution of all revenue and profits from Defendant's unfair business practices;

9.     For the recovery of attorneys' fees and costs;

10.    For exemplary damages;

11.    For injunctive relief in the form of a preliminary and permanent injunction enjoining Defendant from engaging in future acts of consumer confusion and unfair or deceptive business practices;

**On The Third Claim for Relief**

12.    For an accounting of all profits derived from Defendant's infringement of the Paradine Marks, at Defendant's expense;

### On The Fourth Claim for Relief

13.     For injunctive relief in the form of a preliminary and permanent injunction, enjoining Defendant from: (a) using the Paradine Marks or any colorable imitation thereof, including but not limited to the Infringing Mark; (b) using any trademark, including but not limited to the Infringing Mark, that imitates or is confusingly similar to or in any way similar to the Paradine Marks, or that is likely to cause confusion, mistake, deception, or public misunderstanding as to the origin of Plaintiff' products or their connectedness to Defendant;

### On The Fifth Claim for Relief

14.     For imposition of a constructive trust on all revenues and profits from Defendant's infringement of the Paradine Marks;

### On All Claims for Relief

15.     For attorneys' fees, costs, expert witness fees, and pre- and post-judgment interest as permitted by law;

16.     Punitive damages as provided by law; and

17.     For such other and further relief as the Court may deem just and proper.

### JURY DEMAND

Plaintiff hereby demands trial by jury on all issues so triable.

Respectfully submitted this 26th day of July 2016.

**BROWN & KANNADY, LLC**

**By: /s/ Scott T. Kannady**
Scott T. Kannady
Brown & Kannady, LLC
2000 S. Colorado Blvd., Suite 2-440
Denver, CO 80222
Phone:  (303) 757-3800
Fax:  (303) 757-3815
E-mail: scott@brownlegal.com

ATTORNEYS FOR PLAINTIFF
PARADINE, LLC
4401 S. Tamarac Parkway
Denver, CO 80237